UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1908(DSD/JMM)

Larry Morrow,

Plaintiff,

v. **ORDER**

Kandiyohi County, Marilyn Johnson and Does 1-3,

Defendants.

Amy J. Doll, Esq. and Fluegel, Helseth, McLaughlin, Anderson & Brutlag, 215 Atlantic Avenue, P.O. Box 527, Morris, MN 56267, counsel for plaintiff.

Morgan A. Godfrey, Esq., Teresa M. Thompson, Esq. and Johnson & Condon, 7235 Ohms Lane, Edina, MN 55439, counsel for defendants.

This matter is before the court on defendants' motion for summary judgment. For the reasons stated, the court grants in part and denies in part that motion.

In his complaint, plaintiff brings state and federal claims of national origin discrimination in violation of Title VII and the Minnesota Human Rights Act ("MHRA"). After a period of discovery, defendants move for summary judgment contending that they have presented legitimate and nondiscriminatory reasons for failing to hire plaintiff.

FILED 8-20-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. __________
Deputy Clerk's Initials ______

After carefully reviewing the record, the court concludes that as to defendant Kandiyohi County, plaintiff has introduced substantial evidence on critical fact issues. Viewing the record in the light most favorable to the non-moving party, as is required under Fed. R. Civ. P. 56, the court concludes that genuine issues of material fact exist as to plaintiff's claims against defendant Kandiyohi County. Summary judgment is therefore inappropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

As to defendant Marilyn Johnson, however, the court believes that plaintiff has failed to establish that she is individually liable under Title VII or the MHRA. Summary judgment must therefore be granted to her.

Title VII provides in relevant part:

> It shall be unlawful employment practice for an employer-
>
> 1. To fail or refuse to hire ... an individual, or otherwise to discriminate against any individual ... because of such individual's race, color, religion, sex, or national origin ...
>
> (b) The term "employer" means a person engaged in an industry effecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such a person ...

42 U.S.C. §§ 2000e-2(1) and 2000e(b). Under Eighth Circuit precedent, neither managers nor supervisors meet the definition of "an employer" and are not held to be individually liable under

Title VII. See, e.g., Bonomolo-Hagen v. Clay Central-Everly Community School Dist., 121 F.3d 446, 447 (8th Cir. 1997) (holding that individual employees and supervisors do not meet the definition of "employer" under Title VII and cannot be held liable under Title VII); Spencer v. Ripley County State Bank, 123 F.3d 690, 692 (8th Cir. 1997) (same); Waag v. Thomas Pontiac, Buick, GMC, Inc., 930 F. Supp. 393, 407-408 (D. Minn. 1996), D.W. v. Radisson Plaza Hotel Rochester, 958 F. Supp. 1368, 1375 (D. Minn. 1997). Since it is undisputed that Johnson is employed as a supervisor of the county's human resources department, she is not individually liable under Title VII. See Bonomolo-Hagen, 121 F.3d at 447; Radisson Plaza Hotel Rochester, 958 F. Supp. at 1375.

The MHRA also prohibits an "employer" from refusing to hire an individual based on national origin except when the refusal is based on a "bonafide occupational qualification." Minn. Stat. § 363.03, subd. 1(2)(a). Persons who intentionally aid, abet, incite, compel, or coerce discrimination may in some circumstances be held individually liable under the MHRA. Minn. Stat. § 363.03, subd. 6(1) (2000). The plain language of the MHRA, however, clearly requires *intentional* conduct. Id.[1]

---

[1] The MHRA provides for individual liability under the following narrow circumstances:

> Aiding and abetting and obstruction. It is unfair discriminatory practice for any person: (1) *intentionally* to aid, abet, incite, compel or coerce a person to engage in any of the

(continued...)

Here, the court concludes that plaintiff has failed to provide any evidence to support its assertion that defendant Johnson intentionally attempted to, or actually did, "aid, abet, incite, compel, or coerce" another person to discriminate against plaintiff.[2] The only connection between the discriminatory animus plaintiff alleges and Johnson is the mere fact that she was one of the interviewers during the hiring process and that she is a supervising employee of the county. The court holds that these facts alone do not raise a genuine issue of material fact regarding plaintiff's claim that Johnson aided or compelled another person or entity to discriminate against plaintiff.

Accordingly, the court concludes that plaintiff's claims as to Marilyn Johnson must be dismissed and that defendant Johnson is entitled to summary judgment as a matter of law.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that defendants' motion for summary judgment is:

---

[1](...continued)

> practices forbidden by this chapter; (2) *intentionally* to attempt to aid, abet, incite, compel or coerce a person to engage in any of the practices forbidden by this chapter ... (emphasis added) Id.

[2] Plaintiff also apparently concedes this determination and specifically admits in his brief that Johnson "is not a proper party in this case." (Pl. Resp. Mem. at 12.)

1. Denied as to defendant Kandiyohi County; and

2. Granted as to defendant Marilyn Johnson.

Dated: August 27, 2001

David S. Doty, Judge
United States District Court

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500